**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

CIVIL ACTION NO. 18-17-DLB

BRYAN ALAN HANSON                                                                    PLAINTIFF

VS.                         **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, ET AL.                                        DEFENDANTS

*** *** *** ***

Bryan Alan Hanson is a federal prisoner who was recently confined at the Federal Correctional Institution (FCI) in Manchester, Kentucky. Proceeding without a lawyer, Hanson filed a Complaint alleging that, on August 21, 2016, FCI-Manchester Officer Mills prevented him from using the toilet and, as a result, he soiled himself in public. (Doc. #1). Hanson therefore brings a claim against Officer Mills pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and argues that Mills violated his constitutional rights. Hanson also asserts *Bivens* claims against several other defendants, including the Bureau of Prisons (BOP), Warden Butler, Officer Harris, Officer Baker, and Medical Staff Member Wilson, and says that he is suing the defendants in both their official and individual capacities. Hanson also claims that the United States is liable under the Federal Tort Claims Act (FTCA). Hanson is seeking hundreds of thousands of dollars in damages, among other remedies. This case is now before the Court on initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

1

As an initial matter, although Hanson names the BOP as a defendant, the Sixth Circuit has made it clear that a plaintiff "cannot pursue a *Bivens* claim against the BOP because such a claim may not be brought against a federal agency." *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). The Court will therefore dismiss Hanson's *Bivens* claim against the BOP.

Hanson's claims against the defendants in their official capacities are barred by sovereign immunity. That is because the United States as a sovereign is generally immune from suit, *see United States v. Sherwood*, 312 U.S. 584, 586 (1941). This immunity extends to claims against government agents acting in their official capacities. *See Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). While the United States can expressly waive its immunity, *see Sherwood*, 312 U.S. at 586, it has not done so in *Bivens* actions. *See Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1351-52 (6th Cir. 1989). Therefore, Hanson's *Bivens* claims against Officer Mills, Warden Butler, Officer Harris, Officer Baker, and Medical Staff Member Wilson in their official capacities are barred. Accordingly, the Court will dismiss these official-capacity claims.

The Court will also dismiss Hanson's *Bivens* claims against Warden Butler, Officer Harris, Officer Baker, and Medical Staff Member Wilson in their individual capacities. Although Hanson names Warden Butler as a defendant, he does not allege that the Warden was involved in the incident in question, and "the doctrine of respondeat superior cannot provide the basis for liability in a *Bivens* action." *Okoro*, 63 F. App'x at 184. And although Hanson names Officer Harris, Officer Baker, and Medical Staff Member Wilson as defendants, he does not allege in any clear way that these individuals were directly or indirectly involved in the alleged decision to deny him access to the restroom. Instead,

Hanson indicates that these individuals (and several inmates) only witnessed this incident in which he soiled himself. (Doc. #1 at 5).[1] Given these individuals' apparent lack of personal involvement in the alleged depravation of his rights, the Court will dismiss Hanson's *Bivens* claims against Officer Harris, Officer Baker, and Medical Staff Member Wilson in their individual capacities. *See Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (noting that, in order to recover against a defendant in a *Bivens* action, the plaintiff must allege that the defendant was "personally involved in the alleged depravation of federal rights.").

This leaves Hanson's *Bivens* claim against Officer Mills in his individual capacity and the FTCA claim against the United States. The Court has conducted an initial review of these claims and concludes that they require a response from the defendants. Since the Court previously granted Hanson *pauper* status, the Clerk's Office and the United States Marshals Service (USMS) will serve Officer Mills and the United States with a summons and copy of the Complaint on Hanson's behalf. *See* Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

Accordingly, it is **ORDERED** as follows:

(1) Hanson's *Bivens* claim against the BOP is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall terminate the BOP as a defendant from this action;

(2) Hanson's *Bivens* claims against Warden Butler, Officer Harris, Officer Baker, and Medical Staff Member Wilson in their official and individual capacities are

---

[1] Hanson does say, "Further exacerbating the circumstances were the insensitive and degrading remarks and comments by staff and inmates, [which] were completely uncalled for when all that was required was to let me use the toilet." (Doc. #1 at 5). However, Hanson does not indicate who made these alleged comments.

**DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall terminate these persons as defendants from this action;

(3)     Hanson's *Bivens* claim against Officer Mills in his official capacity is **DISMISSED WITH PREJUDICE**;

(4)     The Deputy Clerk **shall prepare** three (3) "Service Packets" for service upon the United States of America and FCI-Manchester Officer Mills.  The Service Packets shall include:

(a)     a completed summons form;

(b)     the Complaint (Doc. #1);

(c)     this Order; and

(d)     a completed USM Form 285;

(5)     The Deputy Clerk **shall send** the Service Packets to the USMS in Lexington, Kentucky, and note the date of delivery in the docket;

(6)     The USMS **shall serve** the United States of America by sending Service Packets by certified or registered mail to both the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky and the Office of the Attorney General of the United States in Washington, D.C.;

(7)     The USMS **shall** also personally **serve** Officer Mills at the Federal Correctional Institution in Manchester, Kentucky through arrangement with the Federal Bureau of Prisons;

(8)     Hanson must immediately advise the Clerk's Office of any change in his current mailing address.  If Hanson fails to do so, the Court will dismiss his case; and

4

(9)     If Hanson wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office.  Every motion Hanson files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing.  The Court will disregard letters sent to the Judge's chambers or motions lacking a certificate of service.

This 13th day of March, 2018.



Signed By:

*David L. Bunning*     DB

United States District Judge

K:\DATA\ORDERS\ProSe\Hanson 18-17-DLB Memorandum CDS.docx