**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 18-17-DLB**

**BRYAN ALAN HANSON**                                                   **PLAINTIFF**

**v.**                 **MEMORANDUM OPINION AND ORDER**

**UNITED STATES OF AMERICA, et al.**                         **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

*Pro se* plaintiff Bryan Alan Hanson claims he suffered a violation of his Eighth Amendment right to be free from cruel and unusual punishment when he was deprived of the use of the restroom on one occasion at the Federal Correctional Institute ("FCI")-Manchester. Accordingly, Hanson has sued an FCI-Manchester employee, Officer Mills, for damages pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and he also seeks compensation from the United States under the Federal Tort Claims Act ("FTCA"). For the reasons that follow, the Court will **GRANT** the Defendants' Motion to Dismiss Hanson's claims.

## I. FACTUAL BACKGROUND

Bryan Alan Hanson is a federal inmate currently incarcerated in Marion, Illinois. Proceeding *pro se*, Hanson filed a civil Complaint in this Court stemming from an incident that occurred on August 21, 2016, while he was incarcerated at FCI-Manchester in Manchester, Kentucky. (Doc. # 1). Hanson's Complaint alleges, among other things, that Officer Mills prevented him from using the toilet and, as a result, Mr. Hanson soiled himself in public. Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court conducted

1

an initial screening of Hanson's Complaint. (Doc. # 11). The Court dismissed a number of Hanson's claims upon screening, but the Court ultimately concluded that Hanson's *Bivens* claim against Officer Mills in his individual capacity and his FTCA allegation against the United States could proceed. (*Id.*)

Subsequently, Officer Mills and the United States both moved to dismiss, or in the alternative, for summary judgment on those remaining claims. (Doc. # 21). The matter is now fully briefed and ripe for the Court's review.

## II. ANALYSIS

### A. Standard of Review

While the Defendants' motion invokes both Federal Rules of Civil Procedure 12(b)(6) and 56, the bulk of the Motion argues that Hanson failed to state a claim upon which relief may be granted under Rule 12(b)(6). (*See* Doc. # 21-1 at 3-13). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). To evaluate such a motion, the Court views the complaint in the light most favorable to the plaintiff and accepts all "well-pleaded facts" in the complaint as true. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because Hanson is proceeding without the benefit of an attorney, the Court reads Hanson's complaint to include all fairly and reasonably inferred claims. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

### B. Defendants' Motion to Dismiss Hanson's *Bivens* claim is granted.

The first matter before the Court is Hanson's *Bivens* claim against Officer Mills in his individual capacity. Hanson alleges that Mills violated his Eighth Amendment right to be free from cruel and unusual punishment when Mills refused to allow Hanson to use

the restroom during a urinalysis procedure, causing Hanson to defecate on himself.[1] (*See* Doc. # 1 at 4-8). While the facts alleged are unfortunate, the Court finds that they do not provide a basis for Hanson to recover money damages under the *Bivens* doctrine. *See Bivens*, 403 U.S. 388. Hanson's claim presents a new context for a *Bivens* action, and there are special factors counselling against expanding the *Bivens* remedy to this context.

Unlike a civil-rights claim against state officials under 42 U.S.C. § 1983, which is a remedy explicitly created by Congress, a civil-rights claim against federal officials under *Bivens* is a judicially-created cause of action that has been implied only in limited circumstances. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). The Sixth Circuit Court of Appeals has noted that "[a] *Bivens* remedy is available only if (1) there are no alternative, existing processes for protecting a constitutional interest and, (2) even in the absence of an alternative, there are no special factors counselling hesitation before authorizing a new kind of federal litigation." *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 431 (6th Cir. 2016) (internal quotation marks and citation omitted). Further, the United States Supreme Court has recently "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar*, 137 S. Ct. at 1857. Indeed, the Supreme Court's *Ziglar* opinion emphasizes that lower courts must consider in the first instance whether a plaintiff's claims are cognizable under *Bivens*, even if courts have historically assumed the availability of a *Bivens* remedy for a particular constitutional

---

[1] While Hanson cites to both the Eighth and Fourteenth Amendments in his complaint, the Eighth Amendment is the constitutional protection that provides the relevant cause of action here. *See, e.g., United States v. Lanier*, 520 U.S. 259, 272 n. 7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").

allegation. See id. at 1863-65; see also *Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 57 (E.D.N.Y. 2017).

To begin, Hanson's claim against Officer Mills presents a new *Bivens* context, particularly in light of the guidance recently set forth in *Ziglar v. Abassi*. To date, the Supreme Court has recognized only three contexts where a *Bivens* claim was appropriate: a Fourth Amendment claim in the search and seizure context, a Fifth Amendment discrimination claim against a congressmen who fired a female secretary, and an Eighth Amendment claim for a prison official's deliberate indifference to an inmate's medical needs. *Ziglar*, 137 S. Ct. at 1854-55. Hanson's complaint is sufficiently distinct from all three of these prior contexts, and, therefore, is considered a "new context" for purposes of the Court's present analysis. Regarding the Fourth Amendment and Fifth Amendment cases where the Supreme Court previously allowed plaintiffs to recover damages under *Bivens*, Hanson's case invokes entirely different constitutional rights and plainly presents a new context. *Id*. at 1860 (noting a case may present a new *Bivens* context when there is a different "constitutional right at issue"). Further, although Hanson alleges a violation of his Eighth Amendment rights, Hanson's case still differs meaningfully from the Eighth Amendment deliberate-indifference case where the Supreme Court previously allowed a *Bivens* remedy.

Simply because the Supreme Court has previously recognized a *Bivens* remedy in one Eighth Amendment context does not mean that any and all Eighth Amendment claims present a *Bivens* remedy going forward. *See id.* at 1859 (noting that a case may involve the same constitutional right and mechanism of injury but that the context from a prior case may nonetheless differ); *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 70 (2001).

4

The *Ziglar* court made clear that while "the constitutional right at issue" is one factor courts may use to determine whether a case presents a new *Bivens* context, other factors—such as "the generality or specificity of the official action"—also impact the analysis. *Ziglar*, 137 S. Ct. at 1859-60. In the prior Eighth Amendment case where recovery under *Bivens* was allowed, the key issue was whether prison officials had been deliberately indifferent to an inmate's serious medical needs. *See Carlson v. Green*, 446 U.S. 14 (1980). Deliberate indifference to an inmate's medical needs is but one subset of the Eighth Amendment right to be free from cruel and unusual punishment. Other subsets include the deprivation of essential food, lack of hygiene, the deprivation of adequate shelter or clothing, and "other conditions intolerable for prison confinement." *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984).

While Hanson's complaint uses the phrase "deliberate indifference" on at least one occasion, it does not at its core allege any deliberate indifference to Hanson's medical needs. (*See* Doc. # 1). Hanson does not argue he had a medical condition above and beyond the typical individual's need to periodically use the restroom. He instead takes issue with a different condition of his confinement—indeed, Hanson challenges Officer Mills's refusal to allow him to use the restroom on one occasion, implying that the Eighth Amendment's prohibition against cruel and unusual punishment requires a prison official to allow an inmate to use the restroom upon the inmate's request.

If a plaintiff's case "is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court], then the context is new." *Ziglar*, 137 S. Ct. at 1859. Comparing Hanson's action with *Carlson v. Green* makes clear that Hanson's action

5

differs in a meaningful way from the prior situation where the Supreme Court found an implied damages remedy for an Eighth Amendment violation. While both Hanson and the *Carlson* plaintiff rely on the protections of the Eighth Amendment, *Carlson* was concerned specifically with deliberate indifference in the medical context, whereas Hanson is solely concerned with his perceived "fundamental right to use a bathroom." (Doc. # 1 at 2). Therefore, Hanson's case presents a new *Bivens* context for purposes of the Court's analysis.

Where a prisoner's claim presents a new *Bivens* context, the Court must subsequently consider whether there are any "special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 137 S. Ct. at 1857 (quoting *Carlson*, 447 U.S. at 18). If there are such special factors, a *Bivens* remedy will not lie. *Id.* The Court is persuaded that special factors do counsel against extending the *Bivens* remedy in Hanson's case; therefore, the Defendants' motion to dismiss Hanson's claim against Officer Mills is properly granted.

For instance, the Supreme Court has noted that the availability of alternative processes for seeking relief may weigh in favor of judicial restraint, *see id.* at 1858, and Hanson was afforded the opportunity to seek relief via the Federal Bureau of Prisons' administrative remedy process here. In addition, to extend *Bivens* liability to the new Eighth Amendment context presented here would impose substantial costs, in both time and money, upon individual officers and employees of the federal government. *Id.* at 1856. Congress has previously recognized the need to keep frivolous prisoner litigation at bay and passed the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, in order to do so. *See Woodford v. Ngo*, 548 U.S. 81, 83 (2006). In light of previously enacted

schemes like the PLRA, the Court is hesitant to find an implied damages remedy for a single instance of alleged bathroom deprivation. Notably, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). To imply a *Bivens* remedy in Hanson's case, which stems from one incidence of alleged emotional humiliation, may "invite an onslaught of *Bivens* actions." *See Wilkie v. Robbins*, 551 U.S. 537, 562 (2007).

In the end, the Court will not extend *Bivens* to encompass Hanson's situation but will instead defer to Congress to balance the public policy concerns brought about by Hanson's case. "It is not necessarily a judicial function to establish whole categories of cases in which federal officers must defend against personal liability claims in the complex sphere of litigation, with all of its burdens on some and benefits to others." *Ziglar*, 137 S. Ct. at 1858. Indeed, at the end of the day the Court believes "the Legislature is in the better position to consider if the public interest would be served by imposing a new substantive legal liability." *Id.* at 1857 (internal quotation marks and citation omitted). Because Hanson's claim presents a new *Bivens* context and because there are factors that counsel hesitation in expanding the *Bivens* remedy, the Defendants' motion to dismiss Hanson's *Bivens* claim will be **granted**.

### C. Hanson's FTCA claim is also appropriately dismissed.

The Court next considers Hanson's FTCA claim against the United States. "[T]he FTCA does not create liability, it merely waives sovereign immunity to the extent that state-law would impose liability on a 'private individual in similar circumstances.'" *Myers v. United States*, 17 F.3d 890, 899 (6th Cir. 1994) (citing 28 U.S.C. § 2674); *see also* 28

U.S.C. § 1346(b)(1) (describing liability "where the United States, if a private person, would be liable to the claimant in accordance *with the law of the place where the act or omission occurred*") (emphasis added). In this case, Hanson has not articulated any torts or violations of any sort committed against him under state law. He instead alleges only violations of his Eighth and Fourteenth Amendment rights—violations that are grounded in the United States Constitution, not Kentucky law. (Doc. # 1). Indeed, when the Defendants pointed out Hanson's failure to allege any FTCA violations in addition to his constitutional claims, Hanson responded by essentially acknowledging the same. (Doc. # 24 at 1, noting that it "may be true" that he only raised allegations of constitutional violations rather than state tort law in his Complaint).

Although the Court construes *pro se* complaints liberally, the Court has no authority to create arguments or set forth claims that Hanson has not himself articulated. *See Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (noting that even despite less stringent pleading standards, "the lenient treatment generally accorded to pro se litigants has limits"). Where, as here, Hanson has articulated no violations of Kentucky law, his FTCA claim cannot survive the Defendants' dispositive motion. (*See* Doc. # 1 at 4, alleging only "violations of Plaintiff's Eighth and Fourteenth Amendment[s]").

### III. CONCLUSION

For these reasons, the Court finds that the Defendants' motion to dismiss is properly granted. Accordingly, it is hereby **ORDERED** as follows:

(1)  Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. # 21) is **GRANTED**;

8

(2) This matter is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(3) Judgment shall be entered contemporaneously herewith.

This 17th day of October, 2018.

Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\ProSe\18-17 MOO Granting MTD.docx